(109 App. Div. 387.)

PEOPLE ex rel. CUYLE v. ROBBINS et al.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

1. MUNICIPAL CORPORATIONS—SPECIAL POLICEMEN—EMPLOYMENT.

Hornellsville City Charter, Laws 1890, p. 856, c. 472, tit. 10, § 1, provides that the city police department shall be under the control of the board of police commissioners, which is authorized to enforce proper rules, for the government of the whole force; section 5, p. 857, authorizes the appointment of eight policemen and a chief, to hold office until removed by the board; and section 11, p. 859, authorizes the board to appoint special policemen, who shall hold office for such period as the board shall direct, subject to such restrictions as the board shall fix, without compensation, "except as specially provided by the board." *Held*, that special policemen so assigned were not entitled to continuous service nor to full-time pay.

2. SAME.

A special policeman, appointed by the board under such sections, by accepting such appointment, became subject to the custom of the board to assign him to duty for but a portion of the time and to pay him the same wages paid to regular policemen for the time he was actually employed.

Appeal from Special Term, Steuben County.

Mandamus by the people, on relation of Homer N. Cuyle, against Fred A. Robbins and others, as the board of police commissioners of the city of Hornellsville. From an order directing the issuance of a peremptory writ of mandamus, and from a judgment and writ entered and allowed on the same day, defendants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Milo M. Acker, for appellants.

F. J. Nelson, for respondent.

WILLIAMS, J. The judgment and order should be reversed, with costs, and the writ dismissed, with $50 costs and disbursements.

The writ required the board of police commissioners to recognize the relator, Cuyle, as a special policeman of the city of Hornellsville, and to order the chief of police to assign him to duty forthwith. The board do not deny that Cuyle is a special policeman of the city, that he was duly and regularly appointed, and that he has never resigned nor been removed. The question here involved is whether he is entitled to be assigned to and kept continuously on duty, which would involve payment for full time, or whether the assigning him to duty is within the discretion of the board, which involves payment for such time as he is actually on duty under such assignment.

The practice heretofore has been to use the special policemen only a portion of the time, whenever the board regarded their services as

necessary,' and to pay them only for the time they actually served. Cuyle, as well as other special policemen, has been so treated, and has accepted pay for the time he has served only. Now it is claimed, under the law, that a different rule is applicable, and these special policemen are entitled to work all the time and to be paid for full time. The statute under which the board acts in appointing policemen, and using them and providing for their pay, is found in the city charter (title 10, c. 472, p. 856, Laws 1890). Section 1 provides that the police department of the city shall be under the general direction and control of the board. Section 3 provides that the board may promulgate and enforce proper rules, regulations, and orders for the good government and discipline of the whole force. Section 5 provides that it shall be the duty of the board to appoint so many permanent policemen as they may deem necessary, not to exceed eight, on the force, except as afterwards otherwise provided in the act, and also a chief of police, who shall have the immediate direction and control of the force, subject to the direction of the board; the chief and permanent policemen during good behavior, or until removed by the board. Section 7 provides that the salary of the chief and permanent policemen shall be determined by the board. Section 11 provides that the board shall also have power to appoint so many special policemen as in their judgment public interest requires, who shall hold their office for such period as the board shall direct, who shall discharge all the duties of policemen under the act and the statutes of the state, subject to such limitations and restrictions as the board shall fix and prescribe; but such special policemen shall not receive or be entitled to any fees or compensation, except as specially provided by the board. Section 12 provides that the mayor shall be authorized to appoint so many special policemen as in his judgment public interest requires, who shall hold their office for such period as he shall direct, not exceeding two weeks under any one appointment, and shall receive such compensation as shall be fixed by the board, the rate not to exceed that allowed to the policemen of the city.

Under these provisions the board has no power to appoint more than eight permanent policemen, besides the chief. It must fix their compensation. It may also appoint special policemen; but the number thereof is unlimited, and their term is unlimited. Only the good judgment of the board limits the number or term. The mayor may also appoint special policemen. The number is unlimited. The term is limited to two weeks. The compensation of the permanent policemen, the chief, and the mayor's special policemen is required to be fixed by the board; and they are certainly entitled to be paid for all the time they serve at the rate fixed. The provision as to the special policemen appointed by the board is different, however. The statute does not require the board to fix any compensation for them, but, on the contrary, provides that they shall not be entitled to or receive any fees or compensation, except as specially provided by the board. These special policemen are not entitled to any pay, therefore, merely because they are appointed. If they are not asked to perform any duty, and no pay is provided for them, they cannot complain. They need not serve, unless they see fit, without pay, or if the pay is too small. If

the board sees fit to provide for paying them one-half the time or one-third the time, and let them understand they need not serve except for the time they are to be paid, the policemen have no right to complain, and cannot compel payment by the city other than as provided by the board.

It is said the appointment should not be general as to term, unless compensation is provided for all the time; that the appointment should be made for short, definite terms, and as often as the board see fit to provide compensation for those terms. We see no objection to the general appointment, and providing compensation only for the time they are required to serve. Such a course is not prohibited by the statute, and very likely it is better to have special policemen always under appointment, that can be called into active service immediately when needed. Provision is made for short appointments, for special occasions, by the mayor. It is suggested that these special policemen, when appointed, have to serve all the time, and can do no other business. They have to take the appointment, if at all, under the restrictions and burdens provided by the law, as to compensation as well as service, and they need not take the appointment unless they want to. Section 11 expressly provides these special policemen shall discharge all the duties of policemen under the act and statutes of the state, subject to such limitations and restrictions as the board shall fix and prescribe. May the board under this provision not limit or restrict the special policemen to service only when their services are required? To hold that these special policemen, when appointed, may serve full time and have full pay, would be to give the board power to make a number of substantially permanent policemen beyond the limited number, eight, in violation of the statute.

It is said, finally, that the board has fixed the compensation of special policemen at the same amount as permanent ones, and therefore the special policemen are entitled as matter of right to serve all the time and be paid for such time, the same as permanent policemen. We do not think the resolution of the board should be so construed. It fixed the salary of permanent policemen under section 7 of the charter. There may have been no resolution expressly providing for the compensation of special policemen, but it had grown into a general custom or practice to pay them at the same rate as permanent policemen for the time they actually served; and Cuyle had served as others had and had been paid in this way. There is no express provision for any other rate of compensation to special policemen, and Cuyle will have to accept what the board have established as the rate by custom or practice, or serve without any compensation at all, or refuse the appointment. There can be no doubt that the board had the right by resolution to expressly provide that compensation should only be allowed for such time as it actually required him to serve.

A good deal has been said by counsel and the referee and by us here about compensation to which Cuyle is entitled, not because he is in this proceeding asking for pay, but because the right to serve and to his pay are so closely connected. The consideration that the charter has left the compensation wholly within the control of the board, they having the power to allow much or little or no compensation at all,

has a strong bearing upon the question which is here—the right to be assigned to duty and to work all the while. We do not think such right exists, and Cuyle only insists upon it for the purpose of finally getting full pay. We cannot suppose he desires to work without pay, or for any longer time than he is to receive pay.

We conclude that the peremptory writ was improperly issued.

Judgment and order reversed, with costs, and writ dismissed, with $50 costs and disbursements. All concur.